UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA LEA GASSAWAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:16-cv-01435 – JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>(Docs. 13, 15) |

Cynthia Gassaway seeks an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act. (Docs. 13, 15) Defendant Nancy Berryhill, Acting Commissioner of Social Security, opposed the amount requested, asserting the amount requested is unreasonable. (Doc. 16) For the reasons set forth below, the request for fees and costs is **GRANTED** in the modified amount of **$2,797.75**.

I. **Relevant Procedural History**

Plaintiff initiated the action before this Court on September 27, 2016, seeking judicial review of the decision denying her application for benefits under the Social Security Act. (Doc. 1) After the administrative record was filed in February 2017, the parties exchanged confidential letter briefs. (Docs. 6-10) The Commissioner agreed that the matter should be remanded for further proceedings,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as the defendant.

1

after which the parties filed a stipulation for the terms of the remand on April 13, 2017. (Doc. 10) Accordingly, the Court ordered the matter remanded pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment in favor of Plaintiff. (Docs. 11, 12)

Following the entry of judgment, Plaintiff filed an application for fees and costs under the Equal Access to Justice Act on May 12, 2017. (Doc. 13) She filed an amended motion on June 2, 2017 (Doc. 15). Defendant filed an opposition to the motion on June 12, 2017 (Doc. 16), to which Plaintiff filed a brief in rely on July 7, 2017 (Doc. 17).

Originally, Plaintiff sought an award totaling $8,495.00 in this action. (Doc. 15 at 4) However, Plaintiff made adjustments to the hourly rate requested in the reply and other concessions in the reply, as discussed below, which reduced the fee request. (*See* Doc. 17 at 3)

**II.     Legal Standards for EAJA Fees**

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the Court may reduce the requested

award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

### III. Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party, because the parties stipulated to a remand for further proceedings, which was then ordered by the Court. (Docs. 10, 11) Defendant does not dispute Plaintiff's status as a prevailing party, but argues the fees requested are excessive. (Doc. 16 at 1)

#### A. Hourly Rates

In the motion for fees, Plaintiff requested that the Court "grant an hourly rate of $350 for attorney work performed at the District Court level, including its work in preparing its letter brief that lead to a resolution of the case and a remand for further proceedings without the need for formal briefing." (Doc. 15 at 3, ¶ 13)

Defendant objected to the hourly rate sought, noting: "EAJA provides that fees may be awarded based upon prevailing market rates for the kind and quality of the services furnished, but not in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." (Doc. 16 at 2, citing 28 U.S.C. § 2412(d)(2)(A)). As Defendant observes, the Ninth Circuit has set the hourly rate for 2016 as $192.68. In addition, work for the "first half" of 2017 was set at the rate of $195.95. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 28, 2017).

In reply, Plaintiff indicates her willingness "to stipulate to the current Ninth Circuit rate" for time expended by Mr. Malahowski. (Doc. 17 at 2) In addition, Plaintiff requests the hourly rate of $82.58 for Maria Montaño, a paralegal. (*Id.*) This rate is within the range of accepted hourly rates for paralegals in the Eastern District of California. *See Silvester v. Harris*, 2014 WL 7239371 at *4 (E.D.

3

Cal. Dec. 2014) ("The current reasonable hourly rate for paralegal work in the Fresno Division ranges from $75 to $150, depending on experience"); *Moreau v. Daily Independent*, 2013 WL 796621 at *3 (E.D. Cal. Mar. 1, 2013) ("$75 for paralegals [is] reasonable for litigation performed in this district"). The hourly rates will be adjusted accordingly.

**B.     Hours Worked**

Defendant argues that "fee request includes excessive, redundant, and unnecessary hours, and should be reduced." (Doc. 16 at 4, emphasis omitted) Defendant contends, "Plaintiff provides no legal authority to support her claim that approximately 21 hours of fees for a settlement letter was reasonable," and this is "the same number of hours typically awarded for cases litigated through the merits stage." (*Id.* at 5)

1.     Work related to the administrative proceedings

Defendant objects to the award of any hours to the extent they are related to Counsel's "work at the administrative level" or pre-date the filing of the complaint for judicial review. (Doc. 16 at 5) For example, Defendant notes that Counsel seeks 8.0 hours spent to "[r]eview file and decision for purpose of accepting case for federal filing." (Doc. 16 at 5, quoting Doc. 15-1 at 1) Defendant observes that "counsel represented Plaintiff at the administrative level, including at her hearing before the administrative law judge," and had "intimate familiarity with Plaintiff's case." (*Id.*) In addition, Defendant objects to the 2.0 hours reported "to review for transcript pagination differences from admin file," because "this work would only be necessary because of his prior work with 'the administrative file' … created at the administrative level." (*Id.*) Accordingly, Defendant contends 10.0 hours should be reduced from the fee award. (*Id.*)

In the reply, "Plaintiff waives her claim for fees for the review of the file." (Doc. 17 at 3, emphasis omitted). Plaintiff asserts she "accepts the argument that [counsel] would not be allowed fees for work performed before the suit was filed, which amounts to 8.0 hours." (*Id.*) Plaintiff contends the review for pagination differences "is unavoidable," but asserts she "is willing to treat this as essentially a paraprofessional process and claim at the paralegal rate for the two hours involved." (*Id.* at 2-3)

Significantly, Plaintiff does not assert that the 2.0 hours was spent reviewing any substantive information in the record, but rather appears to maintain that the review was to compare page numbers

4

between the file created at the administrative level and the one filed by the Defendant in this action on February 2, 2017. Reviewing pagination is a clerical task, which is not compensable under the EAJA. *See Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989) ("clerical work … should not be billed at a paralegal or lawyer's rate, regardless of who performs them"); *see also Foy v. Colvin*, 2015 U.S. Dist. LEXIS 162929 at *17 (N.D. Oh. Nov. 16, 2015) (finding time "converting page numbers…is not compensable under the EAJA" as it is a "purely clerical" task). Accordingly, the Court declines to award the 2.0 hours requested for pagination review, given its clerical nature.

### 2. Block-billed entry

Where an attorney fails to identify the duration of time spent on individual tasks and instead includes more than one task entries, the court has referred to the practice as "block billing." *See Welch v. Metro. Life Ins. Co*., 480 F.3d 942, 948 (9th Cir. 2007). This practice is disfavored because "block billing makes it more difficult to determine how much time was spent on particular activities." *Id*. Accordingly, the Ninth Circuit has explained that, where the attorney presents time expended in "blocks," the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D. Inc*., 214 F.3d 1115, 1121 (9th Cir. 2000).

Defendant contends Plaintiff's "submitted billing entries that were vague and inadequately explained, and, thus, improper under the EAJA." (Doc. 16 at 6) Specifically, Defendant objects to the following entry from September 27, 2016, in which Counsel indicate that both Roy Malohowski and Maria Montaño spent 1.0 hours for the "[p]reparation and filing of summons [and] complaint." (*Id.* at 6, quoting Doc. 15-1 at 1) Defendant asserts, "Because both attorney and paralegal work were grouped together on the exhibit, it is impossible to know how much should have been billed at a paralegal rate versus attorney rate." (*Id.* at 6)

Replying to the opposition, Plaintiff argues a "complaint must be directed, reviewed, and signed off by an attorney." (Doc. 17 at 2) Plaintiff asserts that for the entry of 1.0 hour, "the most reasonable allocation is 15 minutes to the attorney and 45 minutes for the paralegal." (*Id.*) However, this contention does little to aid the Court, as Plaintiff fails to distinguish between the time Ms. Montaño expended drafting the complaint and filing the document. Drafting the complaint is clearly a compensable task, while filing is a clerical task for which no fees may be awarded. *See L.H. v.*

*Schwarzenegger,* 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (finding organizing and updating files appeared clerical, and declining to award fees where the applicant "tendered no evidence that these are tasks that required the skill of a paralegal"); *Jones v. Metropolitan Life Ins. Co.*, 845 F. Supp. 2d 1016, 1027 (N.D. Cal. Feb 24, 2012) (disallowing as clerical work time billed for filing or retrieving electronic documents).

In light of the block billing format, Ms. Montaño's time will be reduced by 10% to 40.5 minutes to account for filing. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (the Court has the authority to impose "a small reduction, no greater than ten percent - a 'haircut' - based on its exercise of discretion").

### C. Award of expenses

In general, counsel's expenses may be reimbursed pursuant to the EAJA. 28 U.S.C. § 2412(d)(1)(B). Here, Plaintiff requested an award of expenses in the amount of $550, which included the $400 filing fee and "the cost of collating and presenting the brief in final acceptable form and the filing of the same in the sum of $150.00." (Doc. 15 at 4) Defendant objected to the expenses requested, asserting the $150 was "for an unclear purpose." (Doc. 16 at 7)

In reply, Plaintiff agrees to waive the $150 for preparation costs. (Doc. 17 at 3) Accordingly, fees in the amount of $400 are awarded.

### IV. Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it to this Court were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). However, as discussed above, the original request by Plaintiff was not reasonable. With the reduction set forth above, Plaintiff is entitled to fees for **12.63** hours of work, which includes 0.68 hours by Ms. Montaño and 11.95 hours by Mr. Malohowski. The Court finds this time was reasonable in light of the tasks undertaken. Thus, Plaintiff is entitled to an award of totaling **$2,797.75**.[2] Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), this amount is payable to the plaintiff and not the attorney who worked on the matter.

---

[2] This amount includes $56.15 for Ms. Montaño's time (calculated at the rate of $82.58 per hour) and $2,341.60 for Mr. Malohowski's time (calculated at the statutory rate of $195.95 per hour), as well as $400 in expenses.

Accordingly, the Court **ORDERS**:

1. The request for expenses is **GRANTED** in the modified amount of $400.00;
2. The request for attorney's fees is **GRANTED** in the modified amount of $2,397.75; and
3. This amount **SHALL** be paid to Plaintiff Cynthia Gassaway.

IT IS SO ORDERED.

Dated: __**July 31, 2017**__             _____**/s/ Jennifer L. Thurston**_____
                                                        UNITED STATES MAGISTRATE JUDGE